John PADBERG, Clifford Paolillo and Rashid Ahmed, individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

v.

Diane MCGRATH–MCKECHNIE, Rudolph W. Giuliani, Joseph McKay, Matthew Daus, Harry Rubinstein, Elliot Sander, Harvey Giannoulis, Marvin Greenberg, Ramona M. Whaley and New York City Taxi and Limousine Commission, Defendants–Appellees.

No. 02–7903.

United States Court of Appeals, Second Circuit.

March 13, 2003.

Daniel L. Ackman, New York, NY, for Appellants.

Scott Shorr, Office of the Corporation Counsel of the City of New York (Michael

A. Cardozo, Corporation Counsel; Barry P. Schwartz), New York, NY, for Appellees, of counsel.

PRESENT: CARDAMONE, SACK, Circuit Judges, and PAULEY,[1] District Judge.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 13th day of March, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Because the underlying facts of this case are set forth in detail in the opinion of the district court, *Padberg v. McGrath–McKechnie*, 203 F.Supp.2d 261 (E.D.N.Y. 2002), we recount only those facts that are necessary to understand the disposition of this appeal. Since 1999, the defendants have implemented a suspension and revo-cation policy, according to which first and second time service refusals by New York City taxi drivers are punished with license suspension or revocation, following a hearing. *Id.* at 269. The plaintiffs filed suit against the defendants pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that this policy unconstitutionally deprived them of their property. The district court granted the defendants' motion for summary judgment with respect to the suspension and revocation policy. *Id.* at 290.[2] The plaintiffs appeal. For the reasons given below we conclude that the district court was correct.

■ The plaintiffs argue that the suspension and revocation policy violates city regulations which mandate fines, not suspension or revocation, as penalties for first and second time service refusals. Admin. Code § 19–507(b)(1). We agree with the district court that the city regulations can reasonably be read to permit the imposition of license suspension or revocation "in the alternative to any of the specific penalties set forth." 35 R.C.N.Y. § 8–03(b). The plaintiffs further argue that Chairwoman Diane McGrath–McKechnie lacked the authority to implement the policy without the approval of a majority of the Commission. N.Y.C. Charter § 2301(e). We agree with the district court that the city charter can reasonably be read to grant the Chairwoman power to carry out the regulations on her own. N.Y.C. Charter § 2301(c). Because a reasonable, though arguably incorrect, interpretation of the city regulations supports the Chairwoman's actions, these actions were not "arbi-

1. of the United States District Court for the Southern District of New York, sitting by designation.

2. The district court also granted the plaintiffs' motion for summary judgment with respect to their challenge of the defendants' summary suspension policy, pursuant to which the defendants would suspend licenses without a prior hearing. *Id.* at 282. This aspect of the district court's decision has not been appealed.

trary or irrational" and therefore do not give rise to a constitutional violation. *Interport Pilots Agency, Inc. v. Sammis,* 14 F.3d 133, 145 (2d Cir.1994).

The plaintiffs further argue that one of the defendants' alleged statutory bases for the policy is unconstitutionally vague. 35 R.C.N.Y. § 2–61(a)(2) prohibits taxi drivers from committing any act "which is against the best interests of the public." Considering "the particular application" of the regulation, as we must in evaluating this vagueness challenge, *United States v. Coonan,* 938 F.2d 1553, 1562 (2d Cir.1991), we conclude that in light of 35 R.C.N.Y. § 2–50(b), which prohibits taxi drivers from unjustifiedly refusing service, the plaintiffs had "fair notice of [the] conduct proscribed ... by the regulation," *Giano v. Senkowski,* 54 F.3d 1050, 1057 (2d Cir.1995). The regulation as applied therefore survives the vagueness challenge.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.